UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          Chapter 7

NOURISH FOODS, LLC,                             Case No.: 19-24138 (RDD)
A/K/A NOURISH SNACKS, INC.

                 Debtor.
------------------------------------------------------------x

**ORDER AUTHORIZING EMPLOYMENT OF LAMONICA HERBST &
MANISCALCO, LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE**

Upon the application, dated January 6, 2020 (the "Application") of Mark S. Tulis, the Interim Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Nourish Foods, LLC, a/k/a Nourish Snacks, Inc. (the "Debtor"), seeking the entry of an order approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as counsel to the Trustee, effective as of December 31, 2019; and upon the affidavit of David A. Blansky, Esq. on behalf of LH&M, which is attached to the Application; and the Court being satisfied that (i) LH&M neither represents nor holds any interest adverse to the Debtor or to the estate, (ii) LH&M is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) (the "Bankruptcy Code"), and (iii) the employment of LH&M is necessary and would be in the best interests of the estate; and no additional notice or hearing being required, it is hereby

**ORDERED**, that, in accordance with 11 U.S.C. § 327(a), the Trustee is authorized and empowered to employ LH&M as counsel, including for the following purposes:

    i. To assist the Trustee with an investigation into, and liquidation of, the Debtor's assets including, but not limited to the disposition of certain personal property;

    ii. To investigate and advise the Trustee as to the actions and activities of any insider and the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

1

iii. To assist the Trustee in the pursuit and recovery of any voidable transfers of the Debtor's assets under, <u>inter alia</u>, Bankruptcy Code sections 544, 546, 547, 548, 549 and 550, and the New York State Debtor Creditor law or such other claims the Trustee believes the estate may possess;

iv. To prepare, file and prosecute motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of the Debtor's estate;

v. To prepare and file motions and applications as directed by the Trustee in connection with his statutory duties; and

vi. To perform legal services necessary to preserve the assets of the Debtor's estate;

and it is further

**ORDERED**, that LH&M will file interim and final fee applications for allowance of its compensation and expenses in accordance with 11 U.S.C. §§ 330 and 331, as the case may be, and the applicable Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rule, and fee and expense guidelines and orders of the Court; and it is further

**ORDERED**, that at least ten business days before implementing any increases in LH&M's hourly rates in this case, LH&M shall file a supplemental affidavit with the Court (the "<u>Supplemental Affidavit</u>"). The Supplemental Affidavit shall explain the basis for the requested rate increase in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Trustee has agreed to them. All parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard provided for in 11 U.S.C. § 330.

Dated: White Plains, New York
January 9, 2020

/s/ Robert D. Drain_____
Honorable Robert D. Drain
United States Bankruptcy Judge

Dated: New York, New York
January 7, 2020

NO OBJECTION:
United States Trustee

By: *s/ Richard C. Morrissey*
Richard C. Morrissey, Trial Attorney